PAINTER, J.,
dissenting.
LI respectfully dissent from the majority’s opinion reversing the trial court’s award of custody of fifteen-year-old triplet daughters to the father, with the father being named domiciliary parent, subject to the mother’s supervision. The majority finds that the best interests of the children require that joint custody be awarded with the mother being named the primary domiciliary parent. It is my opinion that reversal is not warranted.
The standard of review in child custody matters has been clearly stated by this court:
The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court’s determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion.
Hawthorne v. Hawthorne, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, writ denied, 96-1650 (La.10/25/96), 681 So.2d 365.
The burden of proof on a party seeking to modify a prior permanent custody award is dependent on the nature of the underlying custody award.
“When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.”
*649 |2Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986). And “there must be a showing of a change in circumstances materially affecting the welfare of the child before the court may consider making a significant change in the custody order.” Id. at 1194. However, as in this case, where the original custody decree is a stipulated judgment (i.e., the parties have consented to a custodial arrangement), the heavy burden of proof enunciated in Ber-geron is inapplicable. Hensgens v. Hensgens, 94-1200 (La.App. 3 Cir.), 653 So.2d 48, mit denied, 95-1488 (La.9/22/95), 660 So.2d 478.
While the mother in this case did not have to meet the Bergeron standard, she still had to show that there was a change in circumstances and that the new custody arrangement would be in the best interest of the children. The trial court noted the triplets desire to remain in the home with their father and paternal grandmother. The trial court also took into consideration the mother’s failure to display a willingness to facilitate and encourage any relationship between the triplets and their father. The trial court concluded that the mother tended to use relocation attempts to thwart any relationship between the triplets and them father. Therefore, I find that the mother did not meet her burden of proof and that because of the great weight to which the trial court’s judgment is entitled, we cannot reverse its decision under the applicable standard of review.